**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NICHOLAS REDMOND and MAEGAN REDMOND** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 1:26CV70-LG-RPM** |
| **STATE FARM FIRE AND CASUALTY COMPANY and JOHN AND JANE DOES A, B, AND C** | **DEFENDANTS** |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Nicholas and Maegan Redmond claim that Defendant State Farm Fire and Casualty Company conducted an inadequate investigation and evaluation of their insurance claim following a lightning strike at their home. They have filed a [4] Motion to Remand this case to state court because they claim that State Farm's removal of the case to this Court was untimely. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiffs' Motion to Remand should be denied.

**BACKGROUND**

On December 27, 2024, Plaintiffs claim that a lightning strike damaged their home, which was insured under a State Farm insurance policy. In their Complaint, which was filed on November 13, 2025, Plaintiffs allege:

> As an immediate, direct result of the lightning strike, Plaintiffs' property sustained [significant] damage including but not limited to damage and losses to the concrete patio, the main electrical service panel, the HVAC system, light fixtures, and personal property[,]

> including an electrical wall oven, a range hood, and multiple power strips.

Compl. [1-1] at 3. They further state that, about one week later, they "noticed major structural damages showing up from the lightning strike throughout their home[.]" *Id.* They claim that "State Farm underpaid and/or denied Plaintiffs' claim by falsely asserting, without any reasonable or arguable basis, that Plaintiffs' structural losses were due to non-covered wear and tear." *Id.* at 5. They seek additional benefits under their policy, all unearned premiums, past and future medical bills and incidental costs related to treatment of emotional distress, attorneys' fees, costs, interest, and punitive damages.

State Farm propounded requests for admissions related to the amount in controversy, and, on February 23, 2026, Plaintiffs admitted that their damages, exclusive of legal interest and costs, exceed $75,000.00. State Farm removed the lawsuit to this Court on the basis of diversity jurisdiction on March 6, 2026. Plaintiffs now seek remand to state court because they claim the removal was untimely.

**DISCUSSION**

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Here, the parties agree that they are citizens of different states and that the amount in controversy is satisfied, but Plaintiffs argue that the Court must remand the case because State Farm's removal was untimely under 28 U.S.C. § 1446(b)(1).

This statute provides that a defendant must file a notice of removal within thirty days of receiving a complaint that "sets forth a claim that triggers the removal clock[.]" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1446(b)(1)).

"[T]he thirty-day clock is not triggered unless the initial pleading affirmatively reveals on its face that the plaintiff[s] sought damages exceeding the jurisdictional amount." *Mumfrey*, 719 F.3d at 400 (citation modified) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). The Fifth Circuit adopted this bright line rule because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, 969 F.2d at 163. Therefore, a plaintiff is not required to plead a specific dollar amount in his complaint, but, "if a plaintiff wishes to trigger the removal clock from the date of service of the Complaint, while there need not be a specific dollar amount, there needs to be some sort of allegation that the damages exceed the jurisdictional limit." *Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 696 (S.D. Miss. 2020).

Plaintiffs do not argue that their Complaint "affirmatively reveals on its face that [they] sought damages exceeding the jurisdictional amount." *See Mumfrey*, 719 F.3d at 400. They also do not argue that the Fifth Circuit or United States Supreme Court has overturned this standard for triggering the thirty-day clock. They merely disagree with this standard because they claim that it "effectively reads into § 1446(b)(3) a condition Congress did not write into the [statute]." Pls.'

Mem. [5] at 10. The Court must reject this argument because district courts are not permitted "to stray from circuit precedent." *See Robinson v. Webster Cnty.*, 825 F. App'x 192, 196 (5th Cir. 2020).

In the alternative, Plaintiffs argue that "in 2011, Congress overhauled the removal statutes through the Federal Courts Jurisdiction and Venue Clarification Act ('JVCA'), Pub. L. 112-63, 125 Stat. 758, specifically to address situations where state court complaints do not demand a specific sum of damages." Pls.' Mem. [5] at 10. They argue that the JVCA requires district courts to apply the preponderance-of-the-evidence standard to determine when the thirty-day removal clock began to run instead of the bright line rule the Fifth Circuit adopted in *Chapman* and reaffirmed in *Mumfrey*.[1] Plaintiffs cite the following portion of the JVCA, which provides, as codified:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

[1] Plaintiffs concede that they have not located any binding authority that supports their characterization of the JVCA.

Congress added § 1446(c)(2) to the JVCA to allow "a defendant to assert an amount in controversy in the notice of removal if the initial pleading seeks non-monetary relief or a money judgment, in instances where the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." H.R. REP. 112-10, 16, 2011 U.S.C.C.A.N. 576, 580. Congress explained, "Although current practice allows defendants to claim that the jurisdictional amount is satisfied and remove, several issues complicate this practice." *Id.* at 15.

> First, circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The "sum claimed" and "legal certainty" standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it. Second, many defendants faced with uncertainty regarding the amount in controversy remove immediately—rather than waiting until future developments provide needed clarification—out of a concern that waiting and removing later will result in the removal's being deemed untimely. In these cases, Federal judges often have difficulty ascertaining the true amount in controversy, particularly when removal is sought before discovery occurs. As a result, judicial resources may be wasted and the proceedings delayed when little or no objective information accompanies the notice to remove.

*Id.* at 15–16.

Thus, § 1446(c)(2) "clarifies the procedure [used] when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Here, however, Plaintiffs do

not challenge the amount in controversy alleged by State Farm. In addition, § 1446(c)(2) provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," but Plaintiffs did not demand a sum certain in their Complaint. In addition, Mississippi law did not prohibit them from pleading a sum certain. Therefore, § 1446(c)(2) does not apply to the present case.

And, as another court has explained:

> Sections 1446(c)(2) and (3) were adopted in 2011. Their purpose is not to compel all defendants to immediately remove every case involving diverse parties even when the complaint on its face seeks less than the jurisdictional threshold. On the contrary, Congress enacted these provisions to reduce reflexive removals by defendants fearful the 30–day clock of Section 1446(b)(1) might be running[.]

*Coleman v. Unum Grp. Corp.*, No. CV 15-0367-WS-M, 2015 WL 5284366, at *2–*3 (S.D. Ala. Sept. 9, 2015). In that case, the plaintiff, who sought "compensatory damages in the amount of $30,441.67 plus interest as allowed by law[,]" argued that § 1446(b)(1) required the defendant to remove the case within thirty days of being served with the complaint because § 1446(c)(2) "permits a defendant served with a complaint demanding a sum certain below the jurisdictional threshold to remove (so long as state practice does not cap recovery at the amount demanded)[.]" *Id.* In other words, "[b]ecause such a case *may* be removed at inception, the plaintiff conclude[d] that it *must* be removed then." *Id.* (citation modified). The court rejected this argument because "many Courts of Appeal" hold that the thirty-day removal clock begins to run when the complaint "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional

amount of the federal court." *Id.* (quoting *Chapman*, 969 F.2d at 163). The court explained that, when Congress enacted the 2011 amendment that adopted § 1446(c)(2), it "said nothing expressing disagreement with the principle that the removal period begins to run only when the complaint discloses on its face that more than $75,000 is in controversy, either by express demand or by factual allegations permitting simple calculation of the amount in controversy." *Id.* at *3. Thus, the court found that "Congress' silence is incompatible with a legislative intent to force defendants to immediately remove cases in which a sum certain under $75,000 is demanded." *Id.* As a result, even if § 1446(c)(2) applied to the present case, it would not have required State Farm to remove the case within thirty days of receipt of the Complaint.[2]

## CONCLUSION

The Court has considered all arguments. Those not addressed would not change the results. State Farm's removal was timely, and Plaintiffs' Motion to Remand is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that [4] Motion to Remand filed by Nicholas and Maegan Redmond is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay that was entered in this matter on April 6, 2026.

---

[2] As explained previously, § 1446(c)(2) does not apply to the present case because Plaintiffs did not plead a sum certain in their Complaint.

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2026.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE